UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Mordechai BEN-ASHER,
    A040-142-629

           Plaintiff,                          Docket No. 1:07-cv-03121-LAK

    -against-                                 **COMPLAINT**


Michael CHERTOFF,
Secretary, Department of Homeland Security,

Mary Ann Gantner,
District Director, U.S. Citizenship and
Immigration Services, New York City District

Alberto GONZALES,
Attorney General of the United States

United States Citizenship and
Immigration Services,

           Defendants.
-----------------------------------------------------------X

Plaintiff, Mordechai BEN-ASCHER, by and through counsel, alleges the following:

1.    This is an action for declaratory and injunctive relief and in the nature of a mandamus to compel agency action that has been unlawfully withheld.

## **JURISDICTION**

2. This action arises under the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§1101 *et seq.*, the Administrative Procedure Act ("APA"), 5 U.S.C. §§551 *et seq.*, and the mandamus statute, 28 U.S.C. §1361. This court has subject matter pursuant to 5 U.S.C. § 701, 8 U.S.C. § 1421(c), 28 U.S.C. §§1331, 1337 and 1361; the Court may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.,* the INA, the APA, and 28 U.S.C. § 1361.

## **PARTIES**

3. Plaintiff, Mordechai BEN-ASHER (hereinafter, Mr. BEN-ASHER), is a native of the former Union of Soviet Socialist Republic, citizen of Israel, and a lawful permanent resident of the United States, born on March 25, 1952. Exhibits, pp 1-11.

4. Mr. BEN-ASHER is currently residing at 120 Casals Place, Bronx, New York 10475, which is within the district and jurisdiction of this Court. Defendant United States Citizenship and Immigration Services ("USCIS") is an agency organized and existing under the laws of the United States of America. USCIS has responsibility for adjudicating applications under the Act, and maintains offices within the Southern District of New York. Exhibit, pp 2.

5. Defendant Michael CHERTOFF, is the duly appointed, qualified, and confirmed Secretary of the Department of Homeland Security, and as such is the official charged with the supervision, oversight, and direction of the BCIS.

6. Defendant, Mary Ann GANTNER, is the district director for the New York District of the BCIS. The New York District office has jurisdiction over the five boroughs of New York City and the nine counties within the State of New York, and has the responsibility of adjudicating immigration applications within these confines.

7. Defendant Alberto GONZALES is the duly appointed, qualified, and confirmed Attorney General of the United States, and as such is the official charged with the enforcement of the laws of the United States and the official charged with the enforcement of the laws of the nation.

## VENUE

8. Venue is proper in that Petitioner resides in Bronx County, NY, which is within this District. Petitioner's application for naturalization is pending before USCIS' New York District Office at 26 Federal Plaza, which is also within this District.

## FACTS

9. On November 7, 1988, Mr. BEN-ASHER became a lawful permanent resident of the United States. Exhibits, pp. 2.

10. On or about March 18, 2003, Mr. BEN-ASHER filed an Application for Naturalization, form N-400, with the Department and Homeland Security, U.S. Citizenship and Immigration Services. Exhibits, pp. 1-12.

11. On February 17, 2004, Mr. BEN-ASHER appeared before USCIS, were he was interviewed by an officer with USCIS on his application for naturalization. During this interview, Mr. BEN-ASHER took, and passed, the test of English and U.S. history and government. Exhibits, pp. 13.

12. Since that time, Mr. BEN-ASHER has not a decision or other information relating to his application for naturalization from USCIS.

13. Multiple efforts to ascertain the status of the application have proven unsuccessful.

14. As of March 15, 2007, the New York District office of USCIS was processing N-400 applications received on August 12, 2006 – applications received over three years after Mr. BEN-ASHER's application. Exhibits, pp.14-15.

15. As a result of USCIS' failure to adjudicate Mr. BEN-ASHER's application for naturalization, he has suffered substantial economic harm. Mr. BEN-

ASHER works as a linguist and translator, and has been declined employment from various organizations, including the Federal Bureau of Investigation, because he is not a U.S. citizen. Exhibits, pp. 16-19.

## COUNT ONE

16. The allegations set forth in paragraphs 1 through 15 above are repeated and re-alleged as though fully set forth herein.

17. Generally speaking, an applicant for naturalization has the burden to demonstrate that

> (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time … (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, and (3) during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

INA § 316(a), 8 U.S.C. § 1427(a).

18. Mr. BEN-ASHER meets all requirements listed in paragraph 17.

19. Under the APA, 5 U.S.C. § 555(a), agencies are required to proceed with reasonable dispatch to conclude matters presented to them. Under the APA,

5 U.S.C. §706(a), this Court has the power to compel agency action which has been unlawfully or unreasonably withheld or delayed.

20. The continuing failure of the USCIS to adjudicate Mr. BEN-ASHER's application for naturalization (form I-485), filed four-years ago violates the APA requirement that agencies proceed with reasonable dispatch to adjudicate the matters presented to them.

## COUNT TWO

21. The allegations set forth in paragraphs 1 through 20 above are repeated and re-alleged as though fully set forth herein.

22. The actions of USCIS, in failing to adjudicate Mr. BEN-ASHER's application deprives Mr. BEN-ASHER of a protected interest contrary to the Due Process clause of the Fifth Amendment of the U.S. Constitution.  *See INS v. Cardoza-Fonseca*, 107 S. Ct. 1207, 1219 (1987) ("The distinction between the mandatory and discretionary parts of the statute has practical significance. What the Attorney General and his delegates must exercise is discretion.") (citations omitted).  Thus, while this Court does not have the authority to order USCIS to issue a favorable decision in Mr. BEN-ASHER's application (and Mr. BEN-ASHER does not seeks such an order), this Court does have the authority to order USCIS to adjudicate her

application. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267 (1954). ("failure to exercise discretion is a reversible error."); *Asimakopoulos v. INS*, 445 F.2d 1362, 1365 (9th Cir. 1992) ("The Board's failure to exercise discretion is reversible error."); *Fesseha v. INS*, 1999 U.S. App. LEXIS 20852, *4 (10th Cir. 1999) ("When the regulations grant the attorney general discretion, the attorney general must to exercise its discretion."); *Kazlauskas v. INS*, 46 F.3d 902, 905 (9th Cir. 1995) ("If an applicant can show eligibility for asylum, then the INS must exercise its discretion to determine if the applicant is entitled to asylum."); *Doe v. United States*, 54 Fed. Cl. 404, 405 (2002) (when congress divest an agency discretion, the agency "must exercise its discretion" when deciding matters before it.).

## COUNT THREE

23. The allegations set forth in paragraphs 1 through 21 above are repeated and re-alleged as though fully set forth herein.

24. The failure of BCIS to adjudicate Mr. BEN-ASHER's application for naturalization constitutes irreparable harm.

**WHEREFORE,** Mr. BEN-ASHER prays this Honorable Court and demands judgment against defendants as follows:

a. Declare the failure of the United States Citizenship and Immigration Services to adjudicate Mr. BEN-ASHER's application for naturalization unlawful;

b. Order defendant to adjudicate the applications forthwith;

c. Grant Mr. BEN-ASHER's costs and attorney's fees associated with this action; and

d. Grant any and all other relief this Court deems just and proper.

Dated:    New York, New York
          April 9, 2007

                        Respectfully submitted,

                        _____
                        Joshua Bardavid, Esq.
                        Counsel for Petitioner

                        401 Broadway, 22nd Floor
                        New York, New York 10013
                        Phone: (212) 219-3792
                        Fax: (212) 219-3796
                        Email: Josh@Bardavidlaw.com

## ATTORNEY VERIFICATION

I, Joshua Bardavid, authorized representative of Plaintiff, affirm under penalty of perjury that:

The statement of facts contained in the Complaint are true my knowledge, except as to those matters that are stated in it on my information and belief, and as to those matters, I believe them to be true.

Dated:    New York, New York
          April 9, 2007

_____
Joshua Bardavid, Esq.
Counsel for Petitioner

401 Broadway, 22nd Floor
New York, New York 10013
Phone: (212) 219-3792
Fax: (212) 219-3796
Email: Josh@Bardavidlaw.com

## **AFFIRMATION OF SERVICE**

Joshua E. Bardavid, being an attorney duly admitted to the practice of law in the States of New York and in the courts of the United States does hereby affirm under penalties of perjury and pursuant to New York CPLR 2106 that the following is true:

On April 9, 2007, I placed a true copy of the attached Petition for a writ of Mandamus in a secure envelope and mailed the same via U.S. Postal Service, postage pre-paid, to:

>U.S. Attorney's Office
>for the Southern District
>86 Chambers Street, 3rd Floor
>New York, NY 10007
>
>Alberto Gonzales, Attorney General of the United States
>United States Department of Justice
>10th St. & Constitution Avenue, NW
>Washington, D.C. 20530
>
>Mary Ann Gantner, District Director
>26 Federal Plaza 8th Floor, Room 800
>New York City, NY 10278

          Michael Chertoff, Secretary
          Department of Homeland Security
          Nebraska Avenue Center, NW
          Washington, D.C. 20508

Dated:     New York, New York
          April 9, 2007

          _____
          Joshua Bardavid, Esq.
          Counsel for Petitioner

          401 Broadway, 22nd Floor
          New York, New York 10013
          Phone: (212) 219-3792
          Fax: (212) 219-3796