MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:     F. JAMES LOPREST, JR. (FJL:3210)
Special Assistant United States Attorney
86 Chambers Street, Room 410
New York, New York 10007
Tel. No.: (212) 637-2728

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MORDECHAI BEN-ASHER, A040-142-629,

                                                              :

                              Plaintiff,

                                                              :        ANSWER

                        - v. -

                                                              :        07 Civ. 3121 (LAK)

MICHAEL CHERTOFF, Secretary,
Department of Homeland Security;                              :        ELECTRONICALLY FILED
MARY ANN GANTNER, District Director,
U.S. Citizenship and Immigration Services,                    :
New York City District; ALBERTO GONZALES,
Attorney General of the United States;                        :
and UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,                                     :

                              Defendants.                     :
--------------------------------------------------------------x

    Defendants Michael Chertoff, United States Secretary of Homeland Security; Andrea

Quarantillo, District Director of the New York District of United States Citizenship and Immigration

Services ("CIS")[1]; Alberto Gonzales, United States Attorney General of the United States; and the

CIS ("defendants" or "Government") by their attorney, Michael J. Garcia, United States Attorney

for the Southern District of New York, hereby answer the complaint of plaintiff Mordechai Ben-

Asher, A040-142-629 ("plaintiff" or "Ben-Asher"), upon information and belief, as follows:

_____

    [1]Andrea Quarantillo has succeeded Mary Ann Gantner as the District Director of the CIS's
New York District and should therefore be substituted as a defendant pursuant to Fed. R. Civ. P.
25(d)(1).

1.      Deny the allegation in paragraph 1 that any agency action has been "unlawfully withheld" from plaintiff; and neither admit nor deny the remaining allegations in paragraph 1 because they constitute plaintiff's characterization of this action, prayer for relief, and/or conclusions of law, to which no responsive pleading is required.

2.      Neither admit nor deny the allegations in paragraph 2 because they constitute conclusions of law; and respectfully refer the Court to the statutes cited in paragraph 2 for accurate statements of their provisions.  To the extent that a further response to the allegations in paragraph 2 is required, defendants deny the allegations.

3.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 3; except admit that plaintiff is a lawful permanent resident of the United States and respectfully refer the Court to the pages of the exhibits to the complaint referred to in paragraph 3 for true and accurate statements of their contents.

4.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 4 respecting plaintiff's place of residence; admit that the CIS is an agency of the United States Government with offices within this District; neither admit nor deny the remaining allegations in paragraph 4 because they constitute conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the page of the exhibits to the complaint referred to in paragraph 4 for a true and accurate statement of its contents.

5.      Admit the allegations in paragraph 5.

6.      Deny the allegation in paragraph 6 that Mary Ann Gantner is the District Director of the CIS's New York District; and aver that Andrea Quarantillo, rather, has succeeded Mary Ann Gantner in that position; and admit the remaining allegations in paragraph 6.

- 2 -

7.    Admit the allegations in paragraph 7.

8.    Neither admit nor deny the remaining allegations in paragraph 8 because they constitute conclusions of law, to which no responsive pleading is required; except admit that plaintiff has submitted an application ("naturalization application" or "N-400 application") to the CIS's New York District office, seeking to become a naturalized citizen of the United States, pursuant to §§ 310 and 316 of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§ 1421 & 1427, and that his application remains pending with the CIS.

9.    Admit the allegations in paragraph 9; and respectfully refer the Court to the page of the exhibits to the complaint referred to in paragraph 9 for a true and accurate statement of its contents.

10.    Admit the allegations in paragraph 10; and respectfully refer the Court to the pages of the exhibits to the complaint referred to in paragraph 10 for true and accurate statements of their contents.

11.    In response to the allegations in paragraph 11, defendants admit that on February 17, 2004, the CIS conducted an interview of plaintiff at the CIS's New York District offices in connection with plaintiff's naturalization application, at which time plaintiff successfully demonstrated that he meets certain statutory requirements for naturalized citizenship, i.e., a knowledge of United States history and government and the ability to communicate in the English language, and that plaintiff's naturalization application remains pending with the CIS; and respectfully refer the Court to the page of the exhibit referred to in paragraph 11 for a true and accurate statement of its contents. In further response to the allegations in paragraph 11, defendants aver that plaintiff is not statutorily eligible for naturalization because the CIS has not completed its

full examination of plaintiff, including a mandatory investigation into plaintiff's background that is being conducted by the Federal Bureau of Investigation ("FBI"). See Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1998, Pub. Law 105-119, Title I, 111 Stat. 2440, 2448 (Nov. 26, 1997).

12.    Admit the allegations in paragraph 12.

13.    Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 13.

14.    Neither admit nor deny the allegations in paragraph 14 because they constitute conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the pages of the exhibits to the complaint referred to in paragraph 14 for accurate statements of their contents.

15.    Deny the allegation in paragraph 15 that there has been any "failure" to adjudicate plaintiff's naturalization application; deny knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 15; and respectfully refer the Court to the pages of the exhibits to the complaint referred to in paragraph 15 for accurate statements of their contents.

16.    In response to paragraph 16, defendants incorporate as if restated herein their responses, supra, to paragraphs 1 through 15 of the complaint.

17.    Neither admit nor deny the allegations in paragraph 17 because they constitute conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statute cited in paragraph 17 for an accurate statement of its provisions.

18.    Neither admit nor deny the allegations in paragraph 18 because they constitute conclusions of law, to which no response is required.  To the extent that a further response to the allegations in paragraph 18 is required, defendants deny the allegations.

19.    Neither admit nor deny the allegations in paragraph 19 because they constitute conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statute cited in paragraph 19 for an accurate statement of its provisions.

20.    Neither admit nor deny the allegations in paragraph 20 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 20 for an accurate statement of its provisions.  To the extent that a further response to the allegations in paragraph 20 is required, defendants deny the allegations.

21.    In response to paragraph 21, defendants incorporate as if restated herein their responses, supra, to paragraphs 1 through 20 of the complaint.

22.    Deny the allegation in paragraph 22 that there has been any "failure" to adjudicate plaintiff's naturalization application; neither admit nor deny the remaining allegations in paragraph 22 because they constitute conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the Due Process Clause of the Fifth Amendment to the Constitution, cited in paragraph 22, for an accurate statement of its provisions, and to the judicial decisions cited in paragraph 22 for accurate statements of their holdings.  To the extent that a further response to the allegations in paragraph 22 is required, defendants deny the allegations; and aver that to the extent

that plaintiff is referred to in paragraph 22 as "her," that reference is erroneous, inasmuch as plaintiff

is male.

23.    In response to paragraph 23, defendants incorporate as if restated herein their

responses, supra, to paragraphs 1 through 22 of the complaint

24.    Deny the allegations in paragraph 24.

## AS AND FOR A FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

## AS AND FOR A SECOND DEFENSE

Plaintiff's claims are unripe for review.

## AS AND FOR A THIRD DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

## AS AND FOR A FOURTH DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A FIFTH DEFENSE

Plaintiff has failed to show he is owed a peremptory duty that defendants have refused to

perform.

## AS AND FOR A SIXTH DEFENSE

Mandamus will not lie against defendants to control the exercise of their administrative

judgment and discretion.

## AS AND FOR A SEVENTH DEFENSE

Any delay in the adjudication of plaintiff's naturalization application is attributable to

plaintiff's own actions.

<u>AS AND FOR AN EIGHTH DEFENSE</u>

Plaintiff is not statutorily eligible for naturalization until the CIS has completed its examination of plaintiff, including an investigation into plaintiff's background by the FBI.

<u>AS AND FOR A NINTH DEFENSE</u>

Because the CIS has not completed its examination of plaintiff, including an FBI background check, jurisdiction to consider plaintiff's claims is not conferred upon the Court by INA § 336(b), 8 U.S.C. § 1447(b) (providing for an exercise of jurisdiction where "there is a failure to make a determination [on a naturalization application] before the end of the 120 day period after the date on which the examination [of the naturalization applicant] is conducted").

<u>AS AND FOR A TENTH DEFENSE</u>

Plaintiff is not statutorily eligible for naturalization until the CIS has completed its "personal investigation" of plaintiff, as required by 8 U.S.C. § 1445(a).

WHEREFORE, defendants respectfully request that this Court enter judgment dismissing the complaint in its entirety, and for such other relief as the Court deems proper.

Dated:  New York, New York
       September 18, 2007

                                    MICHAEL J. GARCIA
                                    United States Attorney for the
                                    Southern District of New York
                                    Attorney for Defendants

                By:   /s/_____
                    F. JAMES LOPREST, JR.
                    Special Assistant United States Attorney
                    86 Chambers Street, Room 410
                    New York, New York  10007
                    Tel. No.:  (212) 637-2728
                    (FJL:3210)

TO:    JOSHUA BARDAVID, ESQ.
       Attorney for Plaintiff
       401 Broadway, 22d Floor
       New York, NY  10013